# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NIDEC AMERICAS HOLDING CORPORATION and NIDEC CHS LLC f/k/a METAL STAMPING SUPPORT GROUP, LLC a/k/a CHS AUTOMATION | ) ) ) ) ) |
| Plaintiffs, | ) ) ) ) | Missouri Circuit Court Twenty-First Judicial Circuit St. Louis County Cause No. 22SL-CC02981 |
| -v- | ) ) ) | U.S. Dist. Ct. Case No.: 4:22-cv-832 |
| FACTORY MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## DEFENDANT, FACTORY MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, FACTORY MUTUAL INSURANCE COMPANY ("FM"), by and through counsel, hereby removes the above-captioned lawsuit from the Missouri Circuit Court, Twenty-First Judicial Circuit, St. Louis County, Case No. 22SL-02981, to the United States District Court for the Eastern District of Missouri, Eastern Division. In support of this Notice of Removal, FM submits the following 28 U.S.C. §1446 short and plain statement of the grounds for removal:

## BACKGROUND

1.  Plaintiffs, NIDEC AMERICAS HOLDING CORPORATION and NIDEC CHS LLC f/k/a METAL STAMPING SUPPORT GROUP, LLC a/k/a CHS AUTOMATION ("Plaintiffs"), commenced a civil action in state court on June 16, 2022 when they first filed their Petition naming FM as Defendant in the Missouri Circuit Court, Twenty-First Judicial Circuit, St. Louis County, Case No. 22SL-02981.

2. Plaintiffs did not serve their Petition on FM and, instead, filed as of right a First Amended Petition on June 29, 2022 ("Amended Petition").

3. Plaintiffs thereafter served FM with a Summons and the Amended Petition via service on the Director of Insurance for the Missouri Department of Insurance on July 11, 2022.

4. Plaintiffs' Amended Petition, a copy of which is attached as Exhibit 1 hereto,[1] consists of two causes of action; Count I for alleged breach of contract, and Count II for alleged vexatious refusal to pay pursuant to Mo. Rev. Stat. §§ 375.420 and 375.296. *See, Exhibit 1, Plaintiffs' Amended Petition, Counts I and II.*

5. Also attached to this Notice as is required by Local Rule 2.03 of the United States District Court for the Eastern District of Missouri are copies of all other process, pleadings, orders and other documents on file in the state court as of the date of filing of this Notice of Removal, including a copy of the state court's docket sheet. *See, Group Exhibit 2 attached hereto.*

6. In short, the dispute in this lawsuit arises out of a fire loss that Plaintiffs allege occurred at 100 Shafer Drive, Romeo, Michigan on March 18, 2021, and the damages Plaintiffs claim to have suffered as a result of the fire, which damages Plaintiffs allege are covered under a commercial, first-party property insurance policy issued by FM to Nidec Americas as the first named insured. FM, however, disputes Plaintiffs' loss and damages are covered under the policy in the amounts Plaintiffs have claimed.

---

[1] FM notes that it is not including as part of Exhibit 1 attached hereto a copy of the insurance policy that Plaintiffs identified in and referenced as being attached as Exhibit A to their pleading filed in the state court because Plaintiffs filed a Motion for Leave to File Exhibit A (*i.e.,* the policy) Under Seal with their original Petition filing, *Exhibit 1, Plaintiffs' Amended Petition,* ¶5, fn. 1, which Motion the state court granted on June 23, 2022, before service of the Summons and Amended Petition on FM. *See, Group Exhibit 2, the state court's docket sheet.* In its order granting Plaintiffs' Motion for Leave, the state court ordered that Plaintiffs may file the policy (*i.e.,* Exhibit A) under seal and that said policy exhibit will be maintained by the Clerk under seal. *Id.* Since entry of the state court's order, Plaintiffs have filed the policy under seal in the state court, *Id.*, and while this Court and/or the parties may wish to revisit this issue at some point, FM is respecting and complying with the state court's order and Plaintiffs' request to maintain the insurance policy at issue in confidence and under seal in the state court.

7. Specifically, Plaintiffs claim that they suffered losses in excess of $3,800,000, and they seek coverage under the insurance policy at issue in the amount of $2,800,000, after application of the $1,000,000 policy deductible, and they seek an additional award for statutory damages under Mo. Rev. Stat. §§ 375.420 and 375.296, as well as consequential damages, prejudgment interest, reasonable attorney fees, court costs, and all other further relief deemed just and equitable. *See, Exhibit 1, Plaintiffs' Amended Petition, ¶20 and Prayers for Relief.*

8. FM has not answered nor otherwise pleaded in response to Plaintiffs' Amended Petition filed in the Missouri Circuit Court, Twenty-First Judicial Circuit, St. Louis County. Instead, FM is filing this Notice of Removal within thirty (30) days of its receipt by service of a copy of Plaintiffs' Amended Petition.

**GROUNDS FOR REMOVAL**

9. This civil action is removable under 28 U.S.C. §1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See, 28 U.S.C. §1441(a).*

10. This Court has subject matter jurisdiction over Plaintiffs' civil action and claims asserted against FM in the Amended Petition under 28 U.S.C. §1332(a) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and the action is between citizens of different states. Therefore, Plaintiffs' civil action and claims against FM are removable under Section 1441(a). Similarly, this Court has subject matter jurisdiction and removal power over all other claims pursuant to 28 U.S.C. § 1367(a).

11. Additionally, Plaintiffs' civil action and claims against FM may be removed to the United States District Court for the Eastern District of Missouri, Eastern Division, because this Court is the judicial district and division that includes the Twenty-First Judicial Circuit Court, St. Louis County, Missouri, where Plaintiffs' suit was originally filed.

**Diversity of Citizenship**

12. Defendant, FM is a mutual company incorporated and existing under the laws of the State of Rhode Island where it maintains its principal place of business at 270 Central Avenue, Johnston, Rhode Island 02919.

13. Plaintiff, NIDEC AMERICAS HOLDING CORPORATION ("Nidec Americas"), is a Delaware Corporation that is authorized to do business in Missouri where it maintains its principal place of business at 8050 West Florissant Avenue, St. Louis, Missouri 63136-1414. *See, Exhibit 1, Plaintiffs' Amended Petition, ¶1*.

14. NIDEC PRESS & AUTOMATION ("Nidec Press"),[2] a subsidiary of Nidec Americas, *Exhibit 1, Plaintiffs' Amended Petition, ¶3*, is registered in Ohio as a fictious name of Nidec Minster Corporation, which is a corporation organized and existing under the laws of the State of Ohio where it maintains its principal place of business at 240 West 5th Street, Minster, Ohio 45865. According to its website, Nidec Press' business address is the same as Nidec Minster Corporation's principal place of business (*i.e.,* 240 West 5th Street, Minster, Ohio 45865).

15. Thus, FM is a Rhode Island citizen, Nidec Americas is a citizen of Missouri and Delaware, and Nidec Press is an Ohio citizen, and complete diversity jurisdiction exists as between

---

[2] The caption of Plaintiffs' Amended Petition does *not* name or otherwise include Nidec Press. However, in the body of the pleading, Plaintiffs refer to Nidec Press as a plaintiff. *Exhibit 1, Plaintiffs' Amended Petition, ¶3*. As a result, it is not entirely clear on the face of the pleading whether Nidec Press was intended by Nidec Americas and Nidec CHS to be a party-plaintiff in this lawsuit, or whether its state of citizenship need be considered as part of the removal sought here. But even if such citizenship is relevant, Nidec Press is, as noted above, a fictitious name of an Ohio citizen, which would mean that Nidec Press is *not* a citizen of the state of Rhode Island where FM is a citizen.

FM, Nidec Americas and Nidec Press.

16. Plaintiff, NIDEC CHS LLC f/k/a METAL STAMPING SUPPORT GROUP, LLC a/k/a CHS AUTOMATION ("Nidec CHS"), also a subsidiary of Nidec Americas, *Exhibit 1, Plaintiffs' Amended Petition, ¶2*, is a Michigan domestic limited liability company doing business in the County of Macomb, State of Michigan, where it currently maintains its principal place of business at 16660 East Thirteen Mile Road, Roseville, Michigan 48066. At the time of the fire loss that is the subject matter of the Plaintiffs' claims in this lawsuit, Nidec CHS leased property at 100 Shafer Drive, Romeo, Michigan 48065 ("the leased property") where it conducted business. *Id. at ¶10*. The leased property in Michigan is also where the fire at issue occurred. *Id. at ¶14*.

17. As a limited liability company ("LLC"), Nidec CHS is a citizen of every state of which any member of the LLC is a citizen. *See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004). However, based upon a reasonable inquiry conducted by counsel for FM as further detailed below, the identity and citizenship of any member(s) of Nidec CHS is (are) not presently ascertainable.

18. As Federal Courts have observed, one feature of the LLC business form is that an LLC can be organized and registered without disclosing the identities of the LLC's members, thereby making it challenging to ascertain the citizenship of the LLC's members from publicly available sources. *See, e.g., Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3rd Cir. 2015) (recognizing that "membership of an LLC is often not a matter of public record").

19. In Michigan for example, where Nidec CHS is organized, registered and conducts business, LLCs like Nidec CHS need not disclose the identity or citizenship of their members[3]

---

[3] The Michigan Limited Liability Company Act codified at M.C.L.A. 450, *et seq.*, and in particular Article 2 of the Act at §450.4203, entitled "Articles of organization, contents," does not list the identity or citizenship of managers or members of LLCs as one of the required contents of articles of organization for an LLC in Michigan.

and, based on a diligent public records search conducted by counsel for FM in advance of filing this Notice of Removal, it does not appear that Nidec CHS has publicly disclosed with certainty the identity or citizenship of its member(s), nor have Plaintiffs alleged or specified the identity or citizenship of the member(s) of Nidec CHS in their Amended Petition or otherwise.

20.     Nevertheless, based upon a reasonable inquiry conducted by counsel for FM summarized in paragraph 21 below, FM alleges on information and belief that Nidec CHS is *not* a citizen of the State of Rhode Island where FM is a citizen. *See, Lincoln Benefit Life,* 800 F.3d at 107-108 (holding plaintiff insurance company properly alleged complete diversity where, after a reasonable inquiry, plaintiff pleaded the defendant limited liability company was *not* a citizen of plaintiff's state of citizenship); *Carolina Cas. Ins. Co. v. Team Equipment, Inc.,* 741 F.3d 1082, 1087 (9th Cir. 2014) (plaintiff's good faith allegations of the requisite jurisdictional basis regarding limited liability company is sufficient to survive facial attack); *Medical Assur. Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010) (holding plaintiff permitted to plead on information and belief that defendants are citizens of different states than plaintiff); and *Employers Preferred Ins. Co. v. C&K Hotel Group, LLC,* 2016 WL 755600 *3 (C.D. Ill., Feb. 25, 2016) (citing the above 3rd, 9th and 7th Circuit cases with approval, and finding insurance company's pleading alleging members of limited liability company are citizens of a State other than its own state of citizenship is sufficient to satisfy the court that subject matter jurisdiction is proper).

21.     Consistent with the case law cited in paragraph 20 above, FM, by and through counsel, performed a reasonable inquiry by conducting searches of various sources of publicly available information, including publicly available electronic databases and other electronically available sources available to counsel for FM, regarding Nidec CHS, the name of the Company as it was originally organized and formerly known, Metal Stamping Support Group, LLC, and its also

known as name, CHS Automation, as well as Nidec Americas, the Named Insured specified in the insurance policy under which Plaintiffs' claims are based, Nidec Press, and Nidec Minster Corporation, including searches of the following sources: websites maintained by each of the Plaintiffs; websites for the Secretaries of State of and for the States of Delaware, Missouri, Ohio, and Michigan where Plaintiffs are either incorporated or doing business as noted above, and Rhode Island where FM is a citizen; the Federal Court electronic database known as PACER; electronic databases of court filings for Missouri, Ohio, Michigan and Rhode Island which are publicly available or available to FM's counsel such as Westlaw; other Westlaw databases available to FM's counsel through its account; and other business-related search engines such as "Google."

22.   Based upon counsel's searches and other inquiries summarized in paragraph 21 above, FM has developed the following information concerning the Plaintiffs, in particular Nidec CHS, upon which FM alleges in good faith and upon information and belief that Nidec CHS is *not* a citizen of the State of Rhode Island where FM is a citizen:

(A)   Nidec Americas is a Delaware Corporation that is authorized to do business in Missouri where it maintains its principal place of business at 8050 West Florissant Avenue, St. Louis, Missouri 63136-1414 as Plaintiff alleges in its Amended Petition and was confirmed by the searches described in paragraph 21 above;

(B)   Nidec Press is registered in Ohio as a fictious name of Nidec Minster Corporation, which is a corporation organized and existing under the laws of the State of Ohio where it maintains its principal place of business at 240 West 5th Street, Minster, Ohio 45865;

(C)   Nidec CHS, formerly known as Metal Stamping Support Group, LLC, was originally organized in the State of Michigan as a Michigan domestic LLC in 2002, at which time the Company was also registered to do business in Michigan under the name "Metal Stamping

Support Group, LLC" ("Metal Stamping");

(D)     While Metal Stamping's original Articles of Organization, which counsel for FM obtained from the Michigan Department of Licensing and Regulatory Affairs Corporations Online Filing System, reflect that Metal Stamping was first organized and registered in Michigan as a domestic LLC on March 18, 2002, the Articles only identify the name of the Company's Registered Agent (Eric Werner, a resident of the State of Michigan) but do *not* identify the name(s) or citizenship of any manager(s) or member(s) of Metal Stamping;

(E)     On March 31, 2021, Metal Stamping changed its name to Nidec CHS, which is confirmed in the Company's Annual Statement signed and filed with the Michigan Department of Licensing and Regulatory Affairs on December 10, 2021;

(F)     According to Nidec CHS' Annual Statement filing with the Michigan Department of Licensing and Regulatory Affairs on December 10, 2021, the same Eric Werner identified as Metal Stamping's Registered Agent for years, is also the President of Nidec CHS, and he remains the Company's Registered Agent located at the following listed address in the State of Michigan: 16660 East 13 Mile Road, Roseville, Michigan 48066;

(G)     Neither Nidec CHS' 2021 Annual Statement nor any other records on file with the Michigan Department of Licensing and Regulatory Affairs identify the name(s) or citizenship of the Company's manager(s) or member(s), but other publicly available information identifies its President and Registered Agent, Eric Werner, is domiciled in State of Michigan;

(H)     Additionally, "Google" searches for the manager(s) and/or member(s) of Nidec CHS produced a hit on the Buzzfile.com website and the following link, which counsel for FM "clicked": https://www.buzzfile.com/business/Metal-Stmping-Spport-Group-LLC-586-777-7440, and when read in full states that "Eric Werner is the Managing Member at Nidec CHS. You can

contact Eric at (586)777-7440," 586 being the area code serving the Macomb County, Michigan area, Macomb County being the location of the principal place of business of Nidec CHS;

(I)     Corporation and LLC searches of the website maintained by the Secretary of State of Rhode Island further reflect that neither Nidec CHS nor Metal Stamping are organized or registered to do business in Rhode Island, where FM is a citizen;

(J)     Other publicly available information suggests that neither Nidec CHS nor its President, Registered Agent and apparent "Managing Member," Eric Werner, have any connection to the State of Rhode Island pertinent to the issue of Nidec CHS' citizenship; and

(K)     Searches of publicly available court-case filing information and related searches of PACER, Google, and Westlaw further disclosed that Nidec CHS is currently a defendant in a lawsuit filed in the State of Michigan, in the 16th Judicial Circuit Court for the County of Macomb, Michigan, Case No. 2022-000198-NZ, where the plaintiff in that lawsuit has alleged that Nidec CHS is a "Michigan Domestic Limited Liability Company, . . ., with its principal place of business located at 16660 East Thirteen Mile Road, Roseville, Michigan 48066," but turned up no evidence that Nidec CHS or Eric Werner are or have been a party to a lawsuit filed (pending or closed) in the Federal or State Courts of Rhode Island, where FM is a citizen, or anywhere else based on the results of counsel's searches using Westlaw in particular.

23.    Accordingly, based on the allegations in Plaintiffs' Amended Petition, the case law cited hereinabove, FM's reasonable inquiry summarized in paragraph 21 above, and the results of and information disclosed by FM's searches and inquiries set forth in paragraph 22 above, FM alleges on information and belief that there was complete diversity of citizenship at the time Plaintiffs first filed their case in state court as between FM and Nidec CHS, and that such complete diversity of citizenship exists as of the date of this Notice of Removal. Additionally, as noted

above, there was and is complete diversity of citizenship as between FM and the other Plaintiff(s) as of the date Plaintiffs commenced this case in state court and of the date of this removal.

### Amount in Controversy

24. 28 U.S.C. §1446(c)(2) provides that, except in certain specified circumstances (which are inapplicable here), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *See also, NLFC, Inc. v. Devcom-Mid-America, Inc.,* 45 F.3d 231, 237 (7th Cir. 1995) ("Generally the amount in controversy claimed by a plaintiff in good faith will be determinative on the issue of jurisdictional amount[.]"); and *Martin v. Ampco System Parking,* 2013 WL 5781311 at *7 (D.Haw. Oct. 24, 2013) (same).

25. Here, Plaintiffs' Amended Petition alleges it suffered $2,800,000 in damages which it claims are covered under the insurance policy that is the subject matter of this dispute, and Plaintiffs have demanded this amount, plus additional consequential damages, prejudgment interest, attorney's fees and court costs. *See, Exhibit 1, Plaintiffs' Amended Petition,* ¶20 and *Prayers for Relief.* As such, the amount in controversy requirement is satisfied.

### Subject Matter Jurisdiction Exists and Removal Is Appropriate

26. Thus, because both of the requirements for diversity jurisdiction are satisfied in this case, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and the action is removable by FM pursuant to 28 U.S.C. § 1441(a).

### COMPLIANCE WITH REMOVAL PROCEDURES

27. This Notice of Removal is being timely filed under 28 U.S.C. §1446(b), in that it is being filed within thirty (30) days after service of Plaintiffs' Amended Petition on FM as the sole named Defendant. As noted above, Plaintiffs' Amended Petition was first served upon FM via service on the Director of Insurance for the Missouri Department of Insurance on July 11, 2022.

*See also, Group Exhibit 2, the state court's docket sheet.* Consequently, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

28. Under 28 U.S.C. § 1441, venue of this removed action is proper in this District Court as it is the district and division embracing the place where the state court action is pending. The United States District Court for the Eastern District of Missouri, Eastern Division, is the judicial district and division that includes the Twenty-First Judicial Circuit Court, St. Louis County, Missouri, where the suit was originally filed. *See, 28 U.S.C. § 105(a)(1).*

29. Upon the filing of this Notice of Removal, FM shall furnish written notice thereof to Plaintiffs' counsel. FM shall also file and serve a copy of this Notice with the Clerk of the Twenty-First Judicial Circuit Court, St. Louis County, Missouri, pursuant to 28 U.S.C. § 1446(d), and FM is otherwise complying with Local Rule 2.03 as well.

**WHEREFORE,** Defendant, Factory Mutual Insurance Company, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), and in conformance with the requirements of 28 U.S.C. § 1446(b) and Local Rule 2.03, hereby removes this cause from the Missouri Circuit Court, Twenty-First Judicial Circuit, St. Louis County, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Dated:  August 9, 2022.                                    Respectfully submitted,

                                                **DEFENDANT, FACTORY MUTUAL INSURANCE COMPANY**

                                                By:  */s/ Kristine M. Mack*
                                                       One of Defendant's Attorneys

Michael J. Nester (Missouri Bar No. 49410)
(Eastern District of Missouri Bar No. 60801)
Kristine M. Mack (Missouri Bar No. 43038)
(Eastern District of Missouri Bar No. 68339)
**Donovan Rose Nester, P.C.**
15 North 1st Street, Suite A
Belleville, Illinois 62220
(618) 212-6500 (telephone)
(618) 212-6501 (facsimile)
mnester@drnpc.com
kmack@drnpc.com

## **CERTIFICATE OF SERVICE**

  I, Kristine M. Mack, an attorney, on oath hereby certify that on August 9, 2022, I electronically filed the foregoing, **DEFENDANT'S NOTICE OF REMOVAL,** with the Clerk of the United States District Court, Eastern District of Missouri, Eastern Divisions, using the Court's ECF filing system. Additionally, I certify that a copy of the foregoing instrument, **NOTICE OF REMOVAL**, was also served upon the attorneys of record for Plaintiffs as reflected in the Summons and Amended Petition served on Defendant and in the state court docket for the above styled matter via email, to such attorneys at their business address as disclosed by the state court pleadings of record and docket sheet, on this 9th day of August, 2022.

                  /s/ Kristine M. Mack
                  Kristine M. Mack